# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MONTE ALAN McCAULLEY,

        Plaintiff,

vs.                                                     CIVIL NO. 01-1387 BB/LFG

STATE OF NEW MEXICO and
THE FEDERAL COMMUNICATIONS
COMMISSION,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND DISMISSING LAWSUIT WITHOUT PREJUDICE

Plaintiff, Monte Alan McCaulley ("McCaulley"), seeks an order authorizing him to proceed with his litigation without the payment of costs and fees. So as to ensure that a *pro se* litigant's claims are not inappropriately barred due to technical defect, the Clerk of the Court is authorized to accept a *pro se* litigant's pleadings and thereafter await court determination of whether the litigant qualifies for *in forma pauperis* status, or, alternatively, whether the litigant should pay a filing fee. As a result of this practice, McCaulley's complaint was received by the Clerk of the Court and filed, even without payment of the filing fee or court order authorizing *in forma pauperis* status. The Court now considers whether McCaulley is indigent and whether he can proceed with this litigation without payment of fees.

**Waiver of Filing Fee**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive costs or fees. Congressional intent, as evidenced by the statute, is to ensure that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

McCaulley submitted an affidavit indicating that he is self-employed and performs odd jobs for a living. He states that in the prior month, he received no income from his employment but does receive disability pay, apparently from the Social Security Administration, in the amount of $630 per month. He has no real estate, savings, motor vehicles, and, save for his miscellaneous tools, has no assets. McCaulley indicates that after payment of necessary living expenses, he is unable to prosecute this litigation. Based on McCaulley's affidavit, the Court finds that McCaulley is indigent and authorizes him to proceed with this litigation without payment of a filing fee.

***Sua Sponte* Analysis**

By enacting the *in forma pauperis* statute, Congress removed the financial barriers that may impede an indigent's right of access to courts. However, in enacting this statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Neitzke v. Williams, 490 U.S.

319, 324, 109 S. Ct. 1827, 1831 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, United States district courts were authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the court may conduct a *sua sponte* review of McCaulley's complaint, and may dismiss the complaint if it is patently obvious that McCaulley cannot prevail on the facts alleged. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if a defect in the pleading may be cured by appropriate amendment, dismissal of the complaint should be without prejudice so as to allow McCaulley and opportunity to re-plead the complaint with valid allegations.

In reviewing a *pro se* litigant's complaint for sufficiency, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but must remain mindful that a *pro se* complaint must be liberally construed. <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews McCaulley's lawsuit.

<u>McCaulley's Complaint</u>

McCaulley brings suit pursuant to 42 U.S.C. § 1983. The named Defendants in the complaint caption are the State of New Mexico and The Federal Communications Commission. However, no further mention is made of either of these two Defendants in the body of the complaint. Instead, in paragraph 2 of the complaint, McCaulley

identifies Ivan E. Sanchez as the actual Defendant. In paragraph 3, McCaulley was required to state whether the Ivan E. Sanchez was acting under color of state law at the time he committed the acts alleged in the complaint. The "color of state law" requirement is requisite to Section 1983 actions. Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980).

In describing the alleged conduct giving rise to this complaint, McCaulley simply states "public defamation, trauma, legal rights. Freedom of Information Privacy Act." He further alleges in Section B, paragraph (3) as follows: "As the perpetrator Ivan Sanchez had sodomised [sic] me at an erlier [sic] time I was caught up in supression [sic], confusion, misery, some because dis- information [sic]." In describing his cause of action, McCaulley alleges "Public Defamation, violation of the Freedom of Information Privacy Act, Attempted murder, Equal Rights Act (including housing rights) Inventions (including patent rights)." [sic]. (Section C (1)(A)(1)). The supporting facts for his claims include "Media usuary [sic]" (Section C(2)(B)(1)), and "Public jargan [sic]." (Section C (2)(2)).

In his *ad damnum* clause, McCaulley seeks the sum of $2,000,000 and pardon of his criminal acts as appropriate relief.

**Lack of Federal Jurisdiction**

The Court notes that 28 U.S.C. § 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person acting under color of state law. Thus, a person who asserts a claim for relief

under Section 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federal right,@and (2) "he must allege that the person who has deprived him of that right acted under color of state of territorial law." Gomez v. Toledo; West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Here, McCaulley makes allegations, vague as they may be, that federal statutory rights were violated. Giving liberal construction to a *pro se* litigant's pleading, the Court will accept that McCaulley has alleged that Defendants deprived him of a federal right. While not specifically articulating the right, he contends that various federal statutes or constitutional rights were violated. As scant as these allegations are, the Court will assume, for purposes of construing this complaint, that McCaulley can satisfy the first prong of this two-prong test. However, even assuming the first prong is appropriately pled, it is not a Section 1983 claim. McCaulley must satisfy the second requirement under the law. That is, he must demonstrate that whoever is depriving him of the federal right is acting under color of state law. Gomez v. Toledo; West v. Atkins. Nowhere in his complaint does McCaulley contend that Mr. Sanchez acted under color of state law. Nowhere in the complaint does McCaulley contend that anyone else acted to deprive him of a protected federal right under the color of state, local, territorial or District of Columbia law. To the contrary, McCaulley specifically states that Defendants did <u>not</u> act under color of state law. (Complaint, ¶ 2). Thus, McCaulley's pleading is deficient.

Ivan Sanchez is not identified in the complaint as a state or local officer acting under color of state law. To the contrary, he is simply identified as a "hair dresser." Thus, he is not a proper Section 1983 defendant. To the extent that McCaulley intended to sue the Federal Communications Commission, he has also failed to state a claim, as Section 1983 is not available to redress rights allegedly denied by federal officials. Rather, 1983 actions are limited to the deprivation of rights caused by state or local officials acting in violation of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157, 98 S. Ct. 1729, 1734 (1978). Federal officers who act pursuant to federal law do not act under color of any state law, but, rather, under the color of federal law, and therefore are not subject to suit under Section 1983. Wheeldin v. Wheeler, 373 U.S. 647, 650-52, 83 S. Ct. 1441, 1444-46 (1963).

There is no federal statutory counterpart to Section 1983 that authorizes a claim for relief against a federal official whose conduct is claimed to have violated a plaintiff's federally protected rights. Constitutional claims against federal officials may only be asserted on the basis of the Bivins doctrine. Bivins v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). McCaulley asserts no such claim here.

Finally, while McCaulley identifies the State of New Mexico as a Defendant in the caption of the claim, there are simply no allegations against any state official in the body of the complaint. Clearly, McCaulley may not proceed on a claim for monetary damages

against the State of New Mexico, as there is Eleventh Amendment immunity. Joseph A. v. Ingram, 262 F.3d 1113 (10th Cir. 2001).

Summary

McCaulley's complaint does not plead with any specificity what each Defendant has alleged to have done or how the alleged act or omission violated his constitutional rights. Moreover, he fails to demonstrate how his claims are actionable at all. While a liberal reading of the complaint, as a whole, indicates that he is attempting to assert claims for some unknown violations, he fails to allege or plead that acts were taken because of any protected status he has under the law, and the complaint is simply replete with inconsistent, bizarre and nonsensical statements and conclusions. McCaulley's complaint fails to specifically show how the Court's jurisdiction is involved and fails to give notice of the claims advanced, and, therefore, the Court must conclude that the present complaint is frivolous under 28 U.S.C. § 1915.

A court is authorized to take judicial notice of its own records. McCaulley has previously filed lawsuits in this district, and his allegations may appropriately be categorized as "bizarre." Indeed, in his present lawsuit, for some inexplicable reason, McCaulley appends a copy of his University of New Mexico Mental Health Center discharge summary where he was diagnosed as "chronic, paranoid, schizophrenia." The medical report indicates that "he had lost his housing recently and was extremely paranoid, he believed the Mexican Mafia was after him and he [was] also hearing auditory hallucinations." The report describes his course of treatment and states, "...

he was extremely paranoid and believed that other patients around would inform on him. He also has delusions involving broadcast of his ideas on a radio station. He felt the television was sending messages." The present complaint is consistent with McCaulley's diagnosis and must be considered frivolous.

McCaulley may be able to cure his pleading defects so as to state viable causes of action. But, if he files another complaint in federal court, he is admonished to comply with the pleading requirements of Fed. R. Civ. P. 8 and the investigative and pleading strictures of Fed. R. Civ. P. 11.

IT IS THEREFORE ORDERED that McCaulley's motion for *in forma pauperis* status is granted; and

IT IS FURTHER ORDERED that this action is dismissed without prejudice.

_____
**United States District Judge**